UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS BAYON,

        Plaintiff,

   -v-                                                                                      22-cv-0373-FPG
                                                                                               ORDER

United State of America,

        Defendant.
_____

## BACKGROUND

This action was opened on May 18, 2022 as directed by the Court on behalf of Plaintiff Carlos Bayon, who had submitted a letter challenging the seizure of some of his property in connection with his criminal case. *See* Case No. 18-cr-00163 (ECF No. 218). Plaintiff was ordered to (1) to submit a motion to proceed *in forma pauperis* or the $402.00 in filing and administrative fees and (2) file an amended complaint by Jun 17, 2022 in which he (a) specifically identified each item of property at issue and (b) provided sufficient allegations to state a claim for relief. ECF No. 2.

Plaintiff paid the filing fee. Thereafter, he filed (1) a motion seeking to add defendants and claims relating to, among other things, the revocation of good time credit and misconduct concerning medical treatment, ECF No. 4; (2) a motion requesting that he be imprisoned in Niagara County for the remaining duration of his imprisonment, ECF No. 6; (3) a request for the production of documents, ECF No. 7; (4) documentation related to his proposed claims, ECF No. 9; and (5) filed a letter requesting a status update of his case, assistance with his bank account, a "public defender," and an *in forma pauperis form*, ECF No. 10. However, Plaintiff did not comply with the Court's order to file an amended complaint.

By order dated July 15, 2022, the Court "decline[d] to take any action on Plaintiff's submissions before the filing of the amended complaint" and denied the requested relief without prejudice. ECF No. 11. The Court provided Plaintiff with a final opportunity to file an amended complaint as previously ordered and directed him to "not add parties or claims that are unrelated to the seizure of his property." *Id*. (citing Fed. R. Civ. P. 18(a), 20(a)(2), 21; *Cossette v. Downstate Corr'l Facility*, No. 20-CV-6045, 2020 WL 8768086, at *3 (W.D.N.Y. Apr. 1, 2020)). Plaintiff was warned that his "failure to submit a conforming amended complaint may result in further action," including dismissal for failure to prosecute. *Id*.

Thereafter, Plaintiff filed (1) a motion requesting the appointment counsel, for "help," and a status conference, ECF No. 12; (2) a document entitled, "Additional Complaints," ECF No. 13; (4) a letter concerning the status of his filing fee, ECF No. 15; and (4) and a request to produce documents, ECF No. 16. None of these filings are related to the seizure of his property, and Plaintiff has not complied with the Court's order to file an amended complaint in the manner directed.

Plaintiff has had ample time and opportunity to comply with the Court's prior orders. He was given two opportunities to submit an amended complaint and warned that the failure to do so may result in dismissal. ECF Nos. 2, 11; *see* Fed. R. Civ. P. 41(b); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). "Dismissal of a case for failure to prosecute lies within the discretion of the district court." *Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir. 1976); *see also Diggs v. Eastman Kodak Co.*, 101 F.3d 108 (2d Cir. 1996). The Court finds that that dismissal is warranted based on Plaintiff's failure to comply with the Court's "specific directions for the prosecution" of this action. *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980). To the extent that

2

Plaintiff seeks relief on unrelated claims, such as the conditions of his confinement, he may file a new action.

## CONCLUSION

For the reasons discussed above, this action is dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute based on Plaintiff's failure to comply with the Court's May 20 and July 15, 2022 orders directing him to file an amended complaint regarding the seizure of his property. The Clerk of Court is instructed to close this case as dismissed. The Clerk of Court is directed to send Plaintiff (1) an *in forma pauperis* form, (2) a prisoner complaint form, and (3) instructions for opening a civil action.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: December 12, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York